IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | Case No.: GJH-13-0274 |
| v. | * | |
| | * | |
| **GARY WARREN HANCOCK, JR.** | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The Court is asked to determine whether a defendant found guilty of robbing a Pizza Hut by pointing a firearm in the direction of store employees, and then leading a battalion of police officers in a high speed chase through residential neighborhoods and the interstate, should face the mandatory minimum sentence imposed under 18 U.S.C. § 924(c) for brandishing a firearm during and in relation to a crime of violence; a penalty which, here, would be increased in severity under the sentencing guidelines because the defendant has previously been convicted of kidnapping and carjacking, both crimes in which he also used a firearm. In order to make this determination, the Court must analyze, *inter alia*, whether taking property after making a threat to devalue a stock holding could be punished as a Hobbs Act robbery. While on its face this may seem an awkward approach, it is simply an outgrowth of the continuing struggle of the courts to match sentencing enhancements with the appropriate underlying predicate conduct. The Court has engaged in the requisite struggle in this case and

1

concludes that the Defendant was properly convicted of 18 U.S.C. § 924(c) and therefore denies Defendant's Motion to Dismiss Count Two.

## I. BACKGROUND

On May 6, 2015, a jury found the Defendant guilty of Interference with Commerce by Robbery (commonly referred to as "Hobbs Act robbery"), Brandishing a Firearm in Furtherance of a Crime of Violence and Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for One Year of More. ECF No. 265. The alleged underlying crime of violence for Count Two was the Hobbs Act robbery for which the Defendant was convicted in Count One. The Defendant, with the assistance of the Federal Public Defenders' office acting as Amicus Curiae ("Amicus"), now moves to dismiss Count Two, arguing that Count Two does not state an offense in light of the Supreme Court's recent decision in *United States v. Johnson*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), finding that the "residual clause" of the Armed Career Criminal Act was unconstitutionally vague. ECF No. 302, 306, 312. The Court reviewed submissions from both parties and Amicus and held a hearing on February 26, 2016. ECF No. 333.

## II. DISCUSSION

Title 18 U.S.C. § 924(c)(1) provides a mandatory minimum sentence for a person who knowingly uses, carries or brandishes a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c)(1) (2012). The term "crime of violence," as used in § 924(c), refers to a felony offense that either: "(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3). Subsection A is commonly referred to as the "force

2

clause"; subsection B is commonly referred to as the "residual clause." *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015). While addressing the similar force clause of the Armed Career Criminal Act, the Supreme Court in *Johnson v. United States* (*Johnson I*) held that physical force means "violent force, that is, force capable of causing physical pain or injury to another person." 559 U.S. 133, 140, 176 L.Ed.2d 1.[1]

### A. Categorical or Modified Categorical Approach

The primary question presented in this case is whether Hobbs Act robbery under 18 U.S.C. § 1951 can be considered a crime of violence under either the force clause or the residual clause of § 924(c). To determine whether an offense qualifies as a "crime of violence" under either clause, the Court must first determine whether it will employ the so-called "categorical approach" or the "modified categorical approach." *Fuentes*, 805 F.3d at 498. This initial determination is critical to the analysis. Under the categorical approach, the Court's review is limited to "the fact of conviction and the statutory definition of the offense" to determine if the relevant crime of conviction is a crime of violence. *Id*. "The modified categorical approach allows the court to examine approved documents, including an indictment, to determine which statutory alternative is implicated by the predicate offense." *United States v. Evans*, No. 5:15-CR-57-H, 2015 U.S. Dist. LEXIS 14277, at *4 (E.D.N.C. Oct. 20, 2015) (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2284-85 (2013)). "The modified approach serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing offense elements in the alternative, renders opaque which elements played a part in the conviction." *Descamps*, 133 S. Ct. 2276 at 2283. The use of disjunctive language will not necessarily render a statute divisible, however. Rather, if a statute merely contains alternative

---

[1] Unlike the force clause of § 924(c), the force clause of the Armed Career Criminal Act does not include the words "or property."

means of satisfying a single element, and not alternative elements, the statute is not divisible. *See United States v. Royal*, 731 F.3d 333, 341 (4th Cir. 2013) (finding that "offensive physical contact" and "physical harm" were not alternative elements but were merely alternative means of determining the first element of assault under Maryland state law and therefore did not render the offense divisible). If the statute is indivisible, the categorical approach is used. *Descamps,* 133 S. Ct. at 2281.

Courts have reached differing conclusions as to whether the Hobbs Act is a divisible statute, subject to the modified categorical approach, or an indivisible statute, subject to the categorical approach. *Compare United States v. Brownlow*, No. 1:15-cr-0034-SLB-SGC, 2015 U.S. Dist. LEXIS 144784 (N.D.Ala. Oct. 26, 2015) (modified categorical), *United States v. Mackie*, No. 3:14-CR-00183-MOC, 2015 U.S. Dist. LEXIS 132670 at *5 (W.D.N.C. Sept. 30, 2015) ("Here, the Hobbs Act is clearly a divisible statute as the language of the statute sets forth one or more elements of the offense in the alternative. . . ."), *and United States v. Anglin*, No. 14-CR-3, U.S. Dist. LEXIS 151027, at *19 (E.D. Wis. Nov. 6, 2015) ("The court agrees that the [Hobbs Act] is divisible"), *with United States v. Standberry*, No. 3:15CR102-HEH, 2015 U.S. Dist. LEXIS 138355 (E.D. Va. Oct. 9, 2015) (applying categorical approach based on agreement of parties but suggesting modified categorical might be appropriate), *and United States v. Merinord*, No. 5:15-CR-136, 2015 U.S. Dist. LEXIS 145009, at *7 (E.D.N.C. 2015) ("It does not appear that the statute is divisible. . . .").

This confusion is understandable because the Hobbs Act contains both divisible and indivisible provisions. 18 U.S.C. § 1951(a) states in relevant part:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, *by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property*

4

> in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

(emphasis added). Clearly, there are multiple disjunctive phrases in this provision. But the relevant question is whether they represent alternative means of accomplishing one element or whether there are alternative elements proscribed for proving the crime. The answer is found in § 1951(b) wherein the Hobbs Act explicitly provides at least two alternative elements: one in subsection (b)(1) for robbery and an alternative for extortion in subsection (b)(2).[2] 18 U.S.C. § 1951(b); *see also* Modern Federal Jury Instructions: Criminal at § 50.01 (Instructions for Obstruction of Interstate Commerce by Robbery) *and* § 50.02 (Instructions for Obstruction of Interstate Commerce by Extortion). Thus, the Hobbs Act is divisible as there are two or more alternative sets of elements. The Court must therefore use the modified categorical approach *but* may only do so to determine which of these forms of the Hobbs Act (robbery or extortion) is at issue in this case. *Descamps v. United States*, 133 S.Ct. at 2286 ("[A] court may look to the additional documents to determine which of the statutory offenses . . . formed the basis of the defendant's conviction."). Here, a review of the indictment makes it clear that this Defendant was charged with Hobbs Act robbery and not Hobbs Act extortion. *See* ECF No. 1 ("Gary Warren Hancock, Jr. did knowingly and unlawfully obstruct, delay and affect and attempt to obstruct, delay and affect commerce by *robbery*.") (emphasis added).

That does not end the inquiry. Hobbs Act robbery is defined in 18 U.S.C. § 1951 (b)(1) as follows:

> [T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, *by means of actual or threatened force, or violence, or fear of injury,* immediate or future, *to his person or property,* or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

---

[2] As my colleague, Judge Paul Grimm, noted in *United States v. Edmunson*, No. PWG-13-15, 2015 U.S. Dist. LEXIS 171007 at *4 (D. Md. Dec. 30, 2015), there are also alternative elements for conspiracy.

(emphasis added). The Court is again confronted with a series of disjunctive clauses but, here, these terms are not alternative elements but rather represent different means of proving the same element. Reference to the jury verdict form completed in this case makes the point. ECF No. 265 ("How do you find the defendant, Gary Warren Hancock, Jr., as to COUNT ONE (Interference with Commerce by Robbery)?"). While the jury was asked to determine if the defendant was guilty of robbery, and not extortion, they were not asked to differentiate whether the finding was based on "actual force," "threatened force," "violence," or "fear of injury," and whether such injury was directed towards the victim's "person or property." Similarly, the jury instruction lists these as alternative methods of proving a single element. *See* Modern Federal Jury Instructions: Criminal at §50.1, Instruction 50-5 (defining second element of Hobbs Act robbery to require proof that "the defendant unlawfully took this property against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediately or in the future"). Therefore, § 1951(b)(1), Hobbs Act robbery, is not divisible and the Court must now use the categorical approach to determine if this is a crime of violence.

**B. Does the "most innocent conduct" criminalized as Hobbs Act robbery qualify as a "crime of violence"?**

Having determined that the categorical approach must be used, the Court next reviews the statutory definition of the crime to "determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a crime of violence" under § 924(c). *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012) (*quoting United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008)). As a starting point, it is worth noting that there is considerable similarity between the language of the force clause in § 924(c) and the conduct prohibited by the Hobbs Act robbery provision, § 1951(b)(1). But there is also a noticeable and

relevant deviation between the two provisions. The force clause requires that the relevant felony offense have "an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c); Hobbs Act robbery requires the "use of actual or threatened force, or violence, or *fear of injury*, immediate or future, to his person or property," 18 U.S.C. § 1951(b)(1)(emphasis added). Unsurprisingly, much of Amicus's rhetorical fire is trained on the most significant added phrase in the Hobbs Act robbery provision: fear of injury.

Specifically, Amicus contends that Hobbs Act robbery does not comport with the force clause because a defendant could be convicted of Hobbs Act robbery by causing fear of injury to *intangible* property, for instance, by threatening to devalue a stock portfolio; and, that a fear of injury directed at intangible property does not involve the use or threatened use of force. This argument fails. Among the similarities between the force clause and Hobbs Act robbery is that in both instances the requisite actions or levels of force required can be directed at either a person or property. Thus, to the extent that counsel attempts to minimize the level of force one can apply to property and still be found guilty of Hobbs Act robbery, there would be no reason not to apply the same analysis to both statutes. Both use the same word: property. There is no indication in the respective statutes that the word "property" should be read to include only tangible property in the force clause while being read to include intangible property in the robbery provision of the Hobbs Act.

Amicus tries to bolster the argument by citing cases for the proposition that a Hobbs Act robbery can be committed by causing a fear of injury to intangible property. ECF No. 312 at 10-11. But the cases cited offer little, if any, support for the proposition for which they are cited. As an initial matter, they all address extortion cases and, as indicated above, Hobbs Act

7

robbery and Hobbs Act extortion contain different elements. More to the point, however, at least two of the three cases cited very clearly involved the use or threatened use of force against person or property. *See, e.g., United States v. Arena*, 180 F.3d 380, 396 (2d. Cir. 1999) (Defendants' acts of pouring butyric acid into medical facilities "constituted *actual use of force and violence within the meaning of the Act.*") (emphasis added); *United States v. Iozzi*, 420 F.2d 512, 514 (4th Cir. 1970) ("Consequently, we hold that obtaining money through the fear of economic injury *induced by threats or force* constitutes extortion under the Act.") (emphasis added).[3] To the extent these cases deal with "intangible property," it appears to be in the context of the property being extorted, i.e., taken, not the property being subjected to threats or actual force or fear of injury. *See, e.g., Local 560,* 780 F.2d at 282 ("[W]e conclude that the membership's intangible property right to democratic participation in the affairs of their union is properly considered extortable 'property' for purposes of the Hobbs Act."). Thus, the Court finds these cases to be inapposite to the issue before the Court

The Court finds that the word "property" means the same in the force clause as it does in the context of a Hobbs Act robbery. The only remaining question, then, is whether "fear of injury" by necessity involves the use or threatened use of force, regardless of whether it is directed against person or property.

Amicus relies heavily on *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) to argue that "fear of injury" does not involve the use or attempted use of force. There, the Fourth Circuit considered whether Torres-Miguel's conviction under a California criminal

---

[3] The third case Amicus cites, *United States v. Local 560 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America ("Local 560")*, 780 F.2d 267, 271 (3d. Cir. 1986) is more complicated but ultimately fails to support the proposition for which it is cited. In what the Third Circuit described as a "lengthy and complex *civil* action," a Hobbs Act extortion was alleged as a predicate offense for a civil RICO claim. The racketeering activity included alleged acts of murder and extortion. *Id.* at 270-72. In that context, the discussion involved whether "intimidation and fear," not an injury to property, was sufficient for this Hobbs Act extortion to be considered a predicate offense in this civil proceeding. *Id.* at 283.

threats statute constituted a crime of violence under the sentencing guidelines. The relevant statute provided that "any person who willfully threatens to commit a crime which *will result* in death or great bodily injury to another person . . . shall be punished by imprisonment." *Id.* at 167-68 (emphasis in original). After analyzing the statute, the Fourth Circuit held that a "crime may *result* in death or serious injury without involving *use* of physical force." *Id.* at 168. Thus, the threats statute, which only addressed the result and not the use of force, did not contain "an element requiring the use or threatened use of physical force." *Id.* at 169.[4] Amicus extrapolates from this holding that a "fear of injury" also does not satisfy the force clause. And at first blush, there is some logic to the notion that if a crime entailing a resulting injury is not sufficient then neither is a crime simply consisting of a "fear of injury." But such an interpretation divorces the "fear of injury" required for a Hobbs Act robbery from the remainder of the offense. As Judge Hudson appropriately decided in *Standberry,* "[k]ey to the immediate analysis is the necessity for a taking, from another individual, against their will, property by means of actual or threatened force or violence - - or fear of injury. Fear is the operative element facilitating the taking." U.S. Dist. LEXIS 138355 at *4. Thus, simply placing someone in fear is not sufficient. Nor is just threatening a specific *result* as was the case in *Torres-Miguel*. The most innocent

---

[4] It is not entirely unreasonable to question the future of this holding given comments made in *United States v. Castleman*, 134 S. Ct. 1405 (2014). Specifically, Justice Scalia, in a concurring opinion, states explicitly that "it is impossible to cause bodily injury without using force 'capable of' producing that result." *Id.* at 1416-17. But Justice Sotomayor, writing for the Court, just as explicitly declines to resolve that issue stating "Justice Scalia's concurrence suggests that these forms of [bodily] injury necessitate violent force, under *Johnson's* definition of that phrase . . . But whether or not that is so - - *a question we do not decide* - - these forms of injury do necessitate force in the common-law sense." *Id.* at 1414 (emphasis added). Thus, in writing for the Court in *Castleman*, Justice Sotomayor seems to have drawn a distinction between the level of "physical force" required for the Armed Career Criminal Act in *Johnson I*, and that is at issue here, and the level of "physical force" required to qualify as a misdemeanor crime of violence, which was the issue in *Castleman. Id.* at 434. ("We declined to read the common-law meaning of 'force' into ACCA's definition of a 'violent felony,' because we found it a 'comical misfit with the defined term . . . In defining a 'violent felony,' we held 'the phrase physical force' must mean 'violent force'. . . . But here, the common-law meaning of 'force' fits perfectly.") (internal citations omitted). As a result, the Court cannot say that *Castleman* has overruled *Torres-Miguel* as some have suggested. However, Scalia's concurrence does provide at least some useful insight into the Supreme Court's view of the concept of physical force decided upon in *Johnson I*.

conduct chargeable as a Hobbs Act robbery requires the act of taking or obtaining property from another person, or in their presence, against their will by creating a fear of injury. By necessity, the Court finds, this requires the use or threatened use of force.

Finally, relying on *Garcia v. Gonzales*, 455 F.3d 465, 468 (4th Cir. 2006), Amicus argues that the act of putting an individual in fear of injury does not require an intentional threat of violent force. While it is true that *Garcia* requires an "intentional employment [or threat] of physical force," *id.*, the Court cannot imagine a realistic scenario where a defendant could accidentally, negligently or even recklessly, use the fear of injury to take property from another person against their will. Nor has Amicus pointed the Court to any case involving such a scenario. Thus, this Court joins with other Courts that have rejected this identical argument. *See, e.g., United States v. Walker*, 3:15cr49, 2016 U.S. Dist. LEXIS 3947, at *19 n. 17 (E.D. Va. January 12, 2016) ("a robbery conviction requires the government to prove knowledge with respect to the physical aspect of the crime . . . this requires, at a minimum, proof that the defendant knew that he or she was taking property against the victim's will and that his or her actions involved physical force or were otherwise objectively intimidating"); *Merinord*, 2015 U.S. Dist. LEXIS 145009, at *10-11 ("The taking of personal property from another by fear of injury clearly entails a higher degree of intent than negligent, accidental, or reckless conduct."); *Standberry*, 2015 U.S. Dist. LEXIS 138355 at *14 (E.D.Va. October 9, 2015) ("The argument envisions a somewhat implausible paradigm where a defendant unlawfully obtains another person's property against their will by unintentionally placing the victim in fear of injury.").

Accordingly, the Court finds that Hobbs Act robbery has an element the use, attempted

use or threatened use of physical force against the person or property of another and therefore constitutes a categorical crime of violence.[5]

### III.  CONCLUSION

For the reasons stated, the Court denies Defendant's Motion to Dismiss Count Two of the Indictment.

A separate Order shall issue.

Dated: March 2, 2016

George J. Hazel
United States District Judge

---

[5] Having decided this case under the force clause, the Court need not reach the parties' arguments regarding the residual clause.